### S. H. ROBERTSON *v.* W. P. HACKNEY'S ADM'R.

**Administrator's Sale—Liens—Notice.**

> Where at an administrator's sale of a deceased tenant's property the landlord notifies the administrator of his lien on such property, and buys the property at such sale, he is only required to pay that part of his bid which is in excess of his lien, where it is not shown that there is not sufficient other property to pay decedent's funeral expenses.

APPEAL FROM WOODFORD COURT OF COMMON PLEAS.

December 1, 1877.

OPINION BY JUDGE ELLIOTT:

W. P. Hackney was the tenant of the appellant at his death, which occurred in the fall of 1875.

He had executed to appellant two notes for the rented premises, one due August 1, 1875, for $200, and the other due January 1, 1876. About the 1st of March, 1876, appellant alleged in his answer that a sale of Hackney's property was made by his administrator, which was still on the rented premises.

Appellant says that at the sale he notified the administrator of his landlord's lien on all the grain and other property of the tenant on the leased premises, and at the sale became a purchaser of corn and wheat, on which he held a lien to the amount of $188.31. To the second paragraph of his answer setting up these facts a demurrer was sustained, and judgment having been rendered for the amount of the account sued on he has appealed to this court.

The two hundred dollars due in January, 1876, was certainly secured by a lien on all the property of the tenant found upon the leased premises, and the General Statutes, page 451, provides that "when such estate is covered by liens giving a creditor a priority on such property the proceeds thereof shall be first applied to the discharge of such lien, and the residue shall be subject to a pro rata division among the other creditors."

It is true the burial expenses have to be first paid, but there is nothing in this record to show that any part of demand sued for was necessary for the payment of the expenses of administration, and as the appellant notified the appellee of his lien and was permitted to enforce it by a purchase of the decedent's estate in part satisfaction of it, we are of opinion that these facts relied upon by appellant were sufficient to bar appellee's action, and the demurrer to the plea setting them up was improperly sustained by the court.

If the appellee had refused to permit the appellant to bid for and purchase the property sold in satisfaction of his lien he could have sued out his landlord's warrant and had the property appropriated to the satisfaction of his lien debt, and as he bought it by the consent of the administrator the same end was accomplished, and that he did so purchase and that no bond or note was required for the purchase price is at least some evidence.

Wherefore the judgment is *reversed* and cause remanded with directions to overrule the demurrer to second paragraph of answer, and for further proceedings consistent with this opinion.

*Porter & Wallace, for appellant.    D. L. Thornton, for appellee.*